UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATELIN A.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5965 RAJ

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

    Plaintiff seeks review of the denial of her applications for child's disability insurance benefits and supplemental security income.  Plaintiff contends the ALJ erred in discounting her testimony, four medical opinions, and her mother's lay witness statement.  Dkt. 9.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

    Plaintiff is 27 years old, has a high school education, and has no past relevant work.  Dkt. 7, Admin. Record (AR) 31-32.  Plaintiff applied for benefits in 2016, alleging disability as of January 31, 2011.  AR 194.  After conducting a hearing in August 2018, the ALJ issued a decision finding Plaintiff not disabled.  AR 96-143, 16-33.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
PROCEEDINGS - 1

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the January 2011 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: major depressive disorder with psychotic features, post-traumatic stress disorder, borderline personality disorder, morbid obesity, congenital spina bifida occulta, and degenerative joint disease bilateral knees.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, occasionally stooping, kneeling, crouching, crawling, or climbing ramps and stairs, and never climbing ladders, ropes, or scaffolds. She must avoid wetness, vibration, and hazards. She can make simple work-related decisions and perform simple and routine and repetitive tasks with no fast-paced production requirements and few workplace changes. She can have occasional coworker contact, no team tasks, and no public contact.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 18-33. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-4.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
PROCEEDINGS - 2

A.     **Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony of disabling mental and physical impairments based on inconsistent statements, conflict with her activities, secondary gain motivation, and inconsistency with medical evidence. AR 23-27.

"Factors that an ALJ may consider in weighing a claimant's credibility include … inconsistencies in testimony or between testimony and conduct…." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). The ALJ provided several examples where Plaintiff exaggerated her impairments and minimized her functional abilities. AR 26. For example, in July 2017 Plaintiff told her counselor she had "been doing art work/drawing on line and making money doing logos for people." AR 609. Yet at the August 2018 hearing, Plaintiff testified she only did one logo and "didn't make money from a logo." AR 130. In May 2017 Plaintiff told her counselor she had "a rare blood disease" and was "legally blind in left eye." AR 619. Yet there is no evidence of a rare blood disease and a June 2017 eye examination showed her left eye acuity was 20/30. AR 679. Plaintiff offers no argument to counter the ALJ's reasoning. Inconsistent statements were a clear and convincing reason to discount Plaintiff's testimony.

Whether or not the ALJ's additional reasons were erroneous, any error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (as long as remaining reasons are valid, providing improper reasons is harmless error). The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

B.     **Medical Opinions**

An ALJ may only reject the contradicted opinion of an examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). An ALJ may reject the opinion of an "other" medical source, such as a physician's assistant here, by giving reasons germane to the opinion. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014); *see* 20 C.F.R. §§ 404.1502(a), (d), (e); 416.902(a), (i), (j).

1.     **Terilee Wingate, Ph.D.**

Dr. Wingate examined Plaintiff in April 2018 and opined she had marked limitations in maintaining punctual attendance, communicating and performing effectively, maintaining appropriate behavior, and completing a normal workday and workweek. AR 637-38. The ALJ gave Dr. Wingate's opinions "partial weight," discounting the marked limitations as heavily based on Plaintiff's discounted self-reports and inconsistent with objective medical evidence. AR 30.[3]

Psychiatric evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient[,]" because "'[u]nlike a broken arm, a mind cannot be x-rayed.'" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck*, 869 F.3d at 1049. Clinical interviews and mental status evaluations "are objective measures and

---

[3] Plaintiff argues the ALJ erred in discounting Dr. Wingate's opinions as heavily based on Plaintiff's self-reports, because Dr. Wingate was qualified and unbiased and therefore would not have placed undue reliance on Plaintiff's self-reports. Dkt. 14 at 4. But an ALJ does not have to impugn a doctor's motives or abilities in order to discount her opinions. When confronted with qualified, unbiased doctors' opinions that conflict, the ALJ must determine which to accept.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
PROCEEDINGS - 4

cannot be discounted as a 'self-report.'" *Id.* Dr. Wingate performed a professional mental status examination and clinical interview, documenting abnormalities in attitude and behavior, mood, affect, perception, memory, and insight and judgment. AR 635-39. The ALJ failed to explain why these abnormal observations are insufficient to support Dr. Wingate's opinions, and failed to identify any of Plaintiff's statements on which Dr. Wingate's opinions appear to be uncritically based.

The ALJ cited various normal findings in the record. Normal intelligence, fund of knowledge, and thought process do not contradict Dr. Wingate's opinions, which are based not on any cognitive disorder but on diagnoses of borderline personality disorder, PTSD, panic disorder, and major depressive disorder. AR 637. The ALJ cited normal memory and concentration findings and noted Plaintiff's provider explained Plaintiff's "anxiety prevents her from 'putting a lot of things in her memory bank' which cause[s] the claimant's difficulty with attention span and concentration." AR 30 (quoting AR 670). In other words, Plaintiff has normal concentration, although anxiety can interfere with it. Dr. Wingate's findings and opinions were not inconsistent with these records. Finally, the ALJ found Plaintiff was cooperative with care providers and made appropriate eye contact. AR 30. The Commissioner argues these findings contradict Dr. Wingate's opinions of marked limitations in maintaining appropriate behavior and communicating or performing effectively. Dkt. 13 at 8-9. Dr. Wingate, unlike the Commissioner, is a medical professional trained to draw conclusions from the mix of normal and abnormal clinical observations she made. The Commissioner is not qualified to opine that eye contact or cooperation with care providers outweigh abnormally tense attitude and behavior, dysphoric mood, blunted affect, or any of the other clinical observations

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
PROCEEDINGS - 5

Dr. Wingate made.  AR 638-39.  Conflict with objective medical evidence was not a specific and legitimate reason to discount Dr. Wingate's opinions.

The ALJ found Plaintiff "was not consistent with her therapy appointments" and "had periods of time where she was not compliant with her medication regimen," but failed to explain the significance of this finding.  AR 30.  The Commissioner contends the ALJ's finding was relevant because Plaintiff responded well to treatment.  Dkt. 13 at 10.  The ALJ's decision does not contain such an analysis and the Commissioner's contention is thus an improper *post hoc* argument upon which the Court cannot rely.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).  Even if inconsistent treatment had some relevance, an ALJ must consider a claimant's proffered reasons for failure to follow prescribed treatment.  *Trevizo*, 871 F.3d at 679-80.  Plaintiff testified she was off medication when she "didn't have medical coverage."  AR 117.  The ALJ did not address this reason.  Moreover, the record indicates Plaintiff was following prescribed treatment in April 2018 and thus Dr. Wingate's evaluation would reflect any improvement with treatment.  *See*, *e.g.*, AR 562, 556, 676.  Inconsistent treatment was not a specific and legitimate reason to discount Dr. Wingate's opinions.

The Court concludes the ALJ erred by discounting Dr. Wingate's opinions without a specific and legitimate reason.

**2.      Jennifer Irwin, M.D.**

Dr. Irwin examined Plaintiff in January 2017.  AR 548.  The ALJ rejected Dr. Irwin's opinion that Plaintiff "would have difficulty maintaining regular attendance [and] completing a normal workday/workweek without interruption from a psychiatric condition" for exactly the same reasons, word for word, given for discounting Dr. Wingate's opinions.  AR 552, 29-30.

As with Dr. Wingate, the ALJ failed to cite substantial evidence supporting the finding that Dr. Irwin's opinions relied heavily on Plaintiff's self-reports.  Dr. Irwin performed a professional mental status examination and clinical interview.  AR 548-51.  Although the interview included documenting Plaintiff's self-reports, the ALJ did not identify any of Plaintiff's statements on which Dr. Irwin appeared to rely uncritically.  The Commissioner contends Dr. Irwin must have relied on Plaintiff's self-reports because her opinions conflict with her own clinical observations, a finding the ALJ did not make and accordingly a *post hoc* analysis on which this Court may not rely.  *See* Dkt. 13 at 13-14.  Overreliance on Plaintiff's self-reports was not a specific and legitimate reason to discount Dr. Irwin's opinions.

As with Dr. Wingate's opinions, the various normal findings the ALJ cited do not contradict Dr. Irwin's opinions.  And the ALJ failed to explain the significance of Plaintiff's lack of treatment when she lacked medical insurance.  The Court concludes the ALJ erred by failing to provide a specific and legitimate reason to discount Dr. Irwin's opinions.

**3.     Patricia Sylwester, M.D.**

Dr. Sylwester examined Plaintiff in January 2017 and opined she could stand/walk four hours per day and should not climb, balance, stoop, kneel, crouch, or crawl.  AR 546.  The ALJ rejected these limitations as inconsistent with Dr. Sylwester's own clinical findings of normal range of motion, lower extremity strength, coordination, and station.  AR 27-28, 545.  However, Dr. Sylwester attributed the opined limitations not to loss of range of motion, strength, or coordination, but to Plaintiff's extreme obesity, related deconditioning, and knee tenderness, all of which she documented in her report.  AR 546, 544-45.  Substantial evidence does not support the ALJ's finding Dr. Sylwester's opinions were contradicted by her own clinical findings.  The ALJ erred by discounting her opinions without a specific and legitimate reason.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
PROCEEDINGS - 7

The Commissioner contends the error is harmless because a vocational expert testified Dr. Sylwester's opined limitations were consistent with performing an occupation with about 12,500 jobs nationally. Dkt. 13 at 16. Given that the Ninth Circuit held "25,000 national jobs … presents a close call," narrowly meeting the standard of a significant number of jobs in the national economy, this Court concludes half that number does not meet the standard. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). In any case, this matter must be remanded for reevaluation of other medical opinions, which may affect the RFC assessment.

**4.    Brittany Ruiz, PAC**

In May 2018 Plaintiff's treating provider, Ms. Ruiz, opined Plaintiff could stand three hours and sit 5-6 hours per day, lift 20 pounds maximum and 10 pounds frequently, and her "overall work level" was sedentary. AR 651, 648. The ALJ found it "internally inconsistent" to limit Plaintiff to sedentary work while permitting "lift and carry at a light exertional level." AR 28. There is no contradiction. If Plaintiff cannot perform all elements of light work, it would make no sense to opine her overall work level is light. The limit to three hours standing does not fulfill the requirements of light work. "To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to [meet] substantially all" of the requirements, including "a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b), 416.967(b).

The ALJ also discounted Ms. Ruiz's opinions as inconsistent with Dr. Sylwester's objective clinical findings of normal range of motion, strength, coordination, and gait. AR 28. Given Dr. Sylwester's interpretation of her clinical findings as supporting significant limits on prolonged standing/ walking, however, this was not a germane reason to discount Ms. Ruiz's fairly similar opined limitations.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
PROCEEDINGS - 8

The ALJ erred by discounting Ms. Ruiz's opinions without a germane reason.

**C.      Lay Witness Statement**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's mother provided a detailed lay witness statement describing Plaintiff's difficulty with multitasking, following instructions, self-care, attention, and physical tasks. AR 373-80. Without referring to any specific portions of the statement or any conflicting evidence, the ALJ discounted the statement because it "does not outweigh the medical evidence." AR 31. The Commissioner offers several *post hoc* analyses not found in the ALJ's decision, on which this Court cannot rely. Dkt. 13 at 19-20. Because the ALJ erred in evaluating the medical testimony, the ALJ should also reconsider Plaintiff's mother's lay witness statement in light of the reevaluation of the medical evidence.

**D.      Panic and Bipolar Disorders**

Plaintiff contends the ALJ erred by failing to find bipolar disorder and panic disorder severe impairments at step two and failing to include in the RFC the "unique limitations" they caused. Dkt. 9 at 13. An ALJ's failure to properly consider an impairment at step two is harmless where, as here, the ALJ considered the functional limitations caused by that impairment at later steps in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). The ALJ expressly stated she "considered the claimant's psychological symptoms and their effect on functioning together, instead of separately, regardless of the label attached." AR 24. The ALJ specifically noted Plaintiff's allegations of difficulty getting out of bed or leaving the house. AR 23. And the ALJ permissibly discounted Plaintiff's self-reports, on which her argument is based. Plaintiff has not shown the ALJ harmfully erred by failing to address bipolar or panic disorder.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
PROCEEDINGS - 9

E.	**Scope of Remand**

Plaintiff asks the Court to credit the improperly discredited evidence as true and award benefits. Dkt. 9 at 18. Plaintiff's approach relies on "an erroneous reading of [Ninth Circuit] case law, which requires [the Court] to assess whether there are outstanding issues requiring resolution *before* considering whether to hold [the improperly discredited evidence] credible as a matter of law." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (court may only remand for benefits "where there are no outstanding issues that must be resolved" (internal quotation marks and citation omitted)). Plaintiff makes no effort to address whether outstanding issues requiring resolution remain. State agency doctors' opinions conflict with Dr. Wingate's, Dr. Irwin's, Dr. Sylwester's, and Ms. Ruiz's opinions. *See* AR 203-204, 227-30. The Court concludes outstanding issues remain and, accordingly, remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate the opinions of Dr. Wingate, Dr. Irwin, Dr. Sylwester, and Ms. Ruiz, and Plaintiff's mother's statement; reassess the RFC as appropriate; and proceed to step five as needed.

DATED this 15th day of May, 2020.

The Honorable Richard A. Jones
United States District Judge